# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORTNEY ALLEN,

          Plaintiff,

v.

STATE OF WISCONSIN and JOSH
KAUL, *Attorney General*,

          Defendants.

Case No. 23-CV-429-JPS

**ORDER**

## 1. INTRODUCTION

On March 31, 2023, pro se Plaintiff Cortney Allen ("Plaintiff") filed a complaint against Defendants State of Wisconsin and Josh Kaul. ECF No. 1. The same day, Plaintiff filed a motion to proceed in forma pauperis. ECF No. 2. That motion, and the screening of Plaintiff's pro se complaint, are now before the Court. For the reasons discussed herein, the Court will dismiss the action with prejudice and will deny the motion to proceed in forma pauperis as moot.

## 2. SCREENING

### 2.1 Standards

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus

save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

"What is a short and plain statement depends, of course, on the circumstances of the case." *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1387 (10th Cir. 1980). And "undue length alone" may not necessarily warrant dismissal of an otherwise valid complaint. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). But rarely will this Court consider a lengthy pro se complaint "short and plain," unless it is clear and intelligible. *See Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 U.S. Dist. LEXIS 21499, at *5 (E.D. Penn. Oct. 25, 2004) (80-page pro se complaint did not comply with Rule 8); *Struggs v. Pfeiffer*, 2019 U.S. Dist. LEXIS 202582, 2019 WL 6211229, at *1–2 (E.D. Cal. Nov. 21, 2019) (dismissing 42-page complaint as noncompliant with Rule 8). And shorter complaints may still run afoul of the rule if they are rambling, repetitive, or confusing. *Stanard*, 658 F.3d at

798 ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."). *See also Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, No. 13-CV-3106, 2017 U.S. Dist. LEXIS 198374, at *26–27 (N.D. Ill. Dec. 1, 2017) ("While a minor amount of surplus material in a complaint is not enough to frustrate Rule 8's goals, unnecessary length coupled with repetitiveness, needless complexity, and immaterial allegations are grounds for dismissal.") (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013)).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

## 2.2    Plaintiff's Allegations

Plaintiff makes a myriad of vague and confusing allegations against Defendants. He alleges that Defendants unlawfully conflated him with "legal/artificial persons" and "knowingly and willfully imprisoned,

detained, fined, and arrested" him based upon "false claims that Plaintiff, and a juridical personality, are one-in-the-same." ECF No. 1 at 2. He asserts that conflating Plaintiff with "his juridical personality 1). Deprives him of legal recognition before the law; 2). Is in breach of trust; 3) subjects him to involuntary servitude and/or unconscionable contracts, compacts, and agreements." *Id*. at 5.

### 2.3 Plaintiff's Prior Civil Case

Plaintiff appears to have brought these or similar claims in this District before. In 2022, he filed a pro se complaint against the State of Wisconsin and its Office of Attorney General, alleging that they conspired to induce Plaintiff to "change from his Human status to that of a legal or commercial entity," deceived Plaintiff "into suretyship for the benefit of a legal/commercial entity," and inflicted "unduly restrictive laws upon Plaintiff, requiring his involuntary allegiance and obedience." *See* Case No. 22-CV-613-PP, ECF No. 1 at 1–3.

The Honorable Chief Judge Pamela Pepper dismissed the action, holding that "the plaintiff has sued an entity that is not subject to suit without its consent and [] has not stated claims for which a federal court may grant relief . . . ." Case No. 22-CV-613-PP, ECF No. 8 at 3. She additionally noted that Plaintiff's claims "appear[ed] to fall into a group of theories that the Seventh Circuit Court of Appeals has held have 'no conceivable validity in American law.'" *Id*.

The analysis provided by Chief Judge Pepper in 2022 remains applicable to this case. Plaintiff's claims against the State of Wisconsin and its Attorney General, at least to the extent that they seek money damages, are barred by the Eleventh Amendment. The Eleventh Amendment renders a State immune from any suit brought by an individual in federal court

unless the State has consented to suit in that forum. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *MSA Realty Corp. v. Illinois*, 990 F.2d 288, 291 (7th Cir. 1993) ("[A] state cannot be sued in federal court for monetary damages or equitable relief.").

Furthermore, Plaintiff fails to allege anything constituting a valid legal claim. Plaintiff's allegations are nonsensical and devoid of actual, specific facts. Although the complaint does not use the words "sovereign citizen," its allegations appear based on that concept. *See Ford-El v. United States*, 848 F. App'x 664, 664 (7th Cir. 2021) ("Not only did [plaintiff's] arguments—like those often raised by 'sovereign citizens'—fail to state a claim . . . but they were barred by a host of other legal doctrines . . . ."); *Davenport v. United States*, No. 17-1122C, 2017 U.S. Claims LEXIS 1531, at *5–6 (Fed. Cl. 2017) ("[T]his Court has held that claims involving the sovereign citizen theory are 'nonsensical' and should be dismissed as frivolous . . . .").

3.   **CONCLUSION**

Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, is frivolous, is partially barred by the Eleventh Amendment, and fails to state a claim upon which relief can be granted. Because the Court has no confidence that granting leave to amend would enable Plaintiff to raise a meritorious claim, the Court will dismiss the action with prejudice. *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (internal citation omitted) ("Amendment should be refused only if it appears to a certainty that plaintiff cannot state a claim.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is instructed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge